# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONYA MARIE MCALISTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | Case No. 15-CV-0387-CVE-TLW |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 21). Plaintiff seeks an award of attorney fees of $6,878.20 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Defendant objects to plaintiff's motion for EAJA fees and argues that her position was substantially justified.

On July 13, 2015, plaintiff filed this case seeking judicial review of a decision by the Commissioner of Social Security denying her claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court affirm the Commissioner's decision. Dkt. # 17. Plaintiff objected to the report and recommendation, and the Commissioner did not respond to plaintiff's objection. Dkt. # 18. The Court found that the case should be reversed and remanded due to an error at step five of the analysis. The ALJ included the job of document processor as work available in the national and regional economies that plaintiff could perform and, in their briefing before the magistrate judge, the parties assumed that plaintiff could not perform this job. The Court remanded the case

to allow the ALJ to make new findings at step five as to whether jobs existed in sufficient numbers that plaintiff could perform with her residual functional capacity (RFC).

Plaintiff has filed a motion for attorney fees under the EAJA. Dkt. # 21. Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 22. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that her position was substantially justified by proving her case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show that her position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant argues that there were unpublished Tenth Circuit decisions potentially supporting both parties' positions and reasonable people could have disagreed as to the need to remand this case. Dkt. # 22, at 6. However, published Tenth Circuit precedent is clear that the step five evaluation is fact-intensive and the issue of the number of jobs available to the claimant should ordinarily be made by the ALJ. Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004). In this case, the ALJ found that plaintiff could work as a document processor and this job provided most of the jobs available in the national and regional economies at step five. Defendant assumed for the purpose of this litigation that plaintiff could not perform the job of document processor with her RFC, but

still asked the Court to affirm the ALJ's decision. Defendant asks the Court to find that her position was substantially justified, because a wrong decision can substantially justified as long as it is not unreasonable. See Madron v. Astrue, 646 F.3d 1255, 1257 (10th Cir. 2011) ("When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if *wrong*."). The Court does not find that defendant's position in this case was reasonable. There is published Tenth Circuit precedent that there is a strong preference for having the ALJ resolve issues as to the number of jobs available to a claimant, and defendant essentially conceded that plaintiff could not perform the job providing the most support for the ALJ's step five findings. The Court also notes that this issue was raised in plaintiff's objection to the report and recommendation, and defendant failed to respond to plaintiff's objection. Defendant did include a single paragraph in its response brief before the magistrate judge on the step five issue, but defendant did not provide any analysis as to how the Court should consider the potentially conflicting unpublished decisions of the Tenth Circuit. The Court finds that defendant's litigation position was not substantially justified, and plaintiff's motion for EAJA fees (Dkt. # 21) should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 21) is **granted**, and plaintiff shall be awarded attorney fees in the amount of $6,878,20. A separate judgment is entered herewith.

**DATED** this 12th day of June, 2017.

_Claire V Eagn_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE